[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO LIFT STAY
SILBERT, JUDGE.
This an action by the plaintiff hospital against the named defendant and his wife for medical services rendered to the named defendant. The named defendant had brought a workers' compensation claim in connection with the accident that occasioned his medical treatment, but he died while both that matter and this were pending. An estate has since been opened, and a motion to substitute the estate in this case is expected shortly. The named plaintiffs widow, as a dependent, has also asserted a claim before the workers' compensation commissioner.
The matter was stayed by the court, Devlin, J., on April 23, 2000, in apparent reliance on Yale New Haven Hospital v. Milton Torres, Docket No. CV 00-04388 16, J.D. of New Haven at New Haven (March 28, 2001, Thompson, J.). Relying on 5 Larson Sec. 34. 02 [11] p. 94-25-94-26, Judge Thomspon concluded that a claim such as this could not be pressed against the employee while a compensation proceeding was in progress and that the matter should be stayed unless the plaintiff "has reason to believe that the defendant has failed to prosecute his workers' compensation claim with due diligence so as to amount to a virtual abandonment thereof." At the hearing on this motion, the plaintiff represented that the workers' compensation claim has been pursued with something less than full vigor. Based on those representations, however, this court cannot conclude that there has been a total abandonment of the claim.
The plaintiffs motion to lift the stay imposed by Judge Devlin is denied, without prejudice to the plaintiffs right to renew said motion should it appear that the plaintiffs have indeed de facto or de jure totally abandoned their workers' compensation claims.
___________________ Jonathan E. Silbert, Judge CT Page 12358